**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDERICK BATES,<br><br>            Plaintiff - Appellant,<br><br>    v.<br><br>CITY OF SAN JOSE; ROBERT DAVIS,<br>City of San Jose Chief of Police;<br>ADONNA AMOROSO, City of San Jose<br>Police Deputy Chief of Police; TUCK<br>YOUNIS, City of San Jose Police Captain,<br><br>            Defendants - Appellees. | No. 08-16757<br><br>D.C. No. 5:06-cv-05302-RMW<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Argued and Submitted November 6, 2009
San Francisco, California

Before:    NOONAN and W. FLETCHER, Circuit Judges, and DUFFY, [**]
District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Plaintiff Frederick Bates filed this § 1983 action against the City of San Jose ("the City") and several officers of the San Jose Police Department. Bates appeals the district court's order granting summary judgment for the defendants. We affirm.

We review the grant of a motion for summary judgment *de novo*. *Dreiling v. America Online Inc.*, 578 F.3d 995, 1000 (9th Cir. 2009).

The district court found that the failure to provide Bates a good cause hearing before denying him a concealed weapons permit deprived him of a property interest without due process of law in violation of the Fourteenth Amendment. We hold that Bates's suit is properly dismissed on the basis of collateral estoppel as to the City, and qualified immunity as to the individual officers. Therefore, we need not reach this constitutional question. *See Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009) (holding that courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand").

The City raised its collateral estoppel claim in its motion for summary judgment and therefore did not waive it. *Compare Harbeson v. Parke Davis, Inc.*, 746 F.2d 517, 520 (9th Cir. 1984) (recognizing that the court has "liberally treated

2

an attempt to raise the defense [after the pleadings] as if it were a motion for leave to file a supplemental answer") *with Kern Oil & Rfg. Co. v. Tenneco Oil Co.*, 840 F.2d 730, 735 (9th Cir. 1988) (explaining that the liberal treatment in *Harbeson* requires that the defense "be raised before trial").

Qualified immunity protects government officials from liability so long as "a reasonable officer could have believed, in light of the clearly established law, that his conduct was lawful." *Saucier v. Katz*, 533 U.S. 194, 194 (2001). Although the general right to a hearing before denial of a permit under § 12027.1 may have been clearly established at the time Deputy Chief Amoroso made her determination, the full contours of the right in circumstances such as Bates's were not. In *Unland v. Block*, 59 Cal. App. 4th 1537 (Ct. App. 1997), a California Court of Appeal determined that the requirement of a hearing prior to denial of a concealed weapons permit under § 12027.1 does not apply when an officer has retired because of a psychological disability under § 12027.1(e). The court's decision in *Unland* demonstrates that it was reasonable for Amoroso to believe that she was not required to grant a hearing to an officer retiring because of psychological disability.

The legislature did not define "psychological disability" in § 12027.1. *See Unland*, 59 Cal. App. 4th at 1546. There is no established case law defining what

3

constitutes a "psychological disability," or the process the official must utilize to make that determination. It is possible that an objectively reasonable official in Amoroso's position may have misunderstood the reason for Bates's retirement as fitting within § 12027.1(e). Given the lack of established standards over how to determine when retirement is due to psychological disability, Amoroso's mistake of fact is insufficient to deny her qualified immunity.

AFFIRMED.